**LOBEL WEILAND GOLDEN FREIDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
Reem J. Bello, State Bar No. 198840
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Howard B. Grobstein
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:15-bk-20667-SY |
| ALICIA DENISE BLACKMAN, | Chapter 7 |
| Debtor. | |
| HOWARD B. GROBSTEIN, solely in his capacity as Chapter 7 Trustee of the Estate of Alicia Denise Blackman, | Adv. No. 6:17- ap |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) AVOIDANCE OF POSTPETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549(a) AND 550;** |
| ALICIA DENISE BLACKMAN, an individual; BECKY REYES, an individual; ROYAL REALTY; STEPHANIE A. MARTINEZ, an individual, ACEVEDO FABIAN RODRIQUEZ, an individual, TITLE365, a California corporation, | **(2) PRESERVATION OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C § 551;** **(3) TURNOVER OF THE PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §542;** |
| Defendants. | **(4) WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362; AND** **(5) DECLARATORY RELIEF** |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1135897.1

COMPLAINT

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **TO THE DEFENDANTS AND THEIR COUNSE**L:

2      Howard B. Grobstein, the duly appointed, qualified and acting chapter 7 trustee

3  (the "Plaintiff" or the "Trustee") for the bankruptcy estate (the "Estate") of Alicia Denise

4  Blackman (the "Debtor"), hereby files this adversary complaint for: (1) avoidance of post-

5  petition transfers pursuant to 11 U.S.C. §§ 549(a) & 550; (2) preservation of avoided

6  transfers pursuant to 11 U.S.C. § 551; (3) turnover of property of the estate pursuant to 11

7  U.S.C. § 542; (4) violation of the automatic stay pursuant to 11 U.S.C. §362; and (5)

8  declaratory relief (the "Complaint") against Defendants, Alicia Denise Blackman, Becky

9  Reyes, Royal Realty, Stephanie A. Martinez, Acevedo Fabian Rodriguez and Title365

10  (collectively, the "Defendants"), and respectfully alleges as follows:

11  <u>STATEMENT OF JURISDICTION AND VENUE</u>

12      1.    The Bankruptcy Court has jurisdiction over this adversary proceeding

13  pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 323, 362, 542, 549, 550,

14  and 551.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C.

15  §§ 157(b)(2)(A), (B), (H) and (O).

16      2.    Venue properly lies in this judicial district in that the civil proceeding arises

17  under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

18      3.    This adversary proceeding arises out of and relates to the case entitled

19  Alicia Denise Blackman, a chapter 7 case bearing case number 6:15-bk-20667-SY

20  currently pending in the United States Bankruptcy Court, Central District of California, the

21  Honorable Scott Yun presiding.

22      4.    The Debtor filed a voluntary chapter 11 bankruptcy petition on October 30,

23  2015 (the "Petition Date").

24  <u>PARTIES TO THE ACTION</u>

25      5.    Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee for the

26  Debtor's bankruptcy estate.

27      6.    Plaintiff is informed and believes and based thereon alleges that Defendant,

28  Alicia Denise Blackman is an individual, currently residing in Riverside County.

7.     Plaintiff is informed and believes and based thereon alleges that Defendant, Becky Reyes ("Reyes") is an individual and a licensed real estate broker doing business in San Bernardino County.

8.     Plaintiff is informed and believes and based thereon alleges that Defendant, Royal Realty ("Royal Realty"), is an entity of unknown origin doing business in San Bernardino County.

9.     Plaintiff is informed and believes and based thereon alleges that Defendant, Stephanie A. Martinez ("Martinez"), is an individual currently residing in San Bernardino County.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant, Acevedo Fabian Rodriguez ("Rodriguez"), is an individual currently residing in San Bernardino County.

11.     Plaintiff is informed and believes and based thereon alleges that Defendant, TITLE365, is a California corporation, doing business in Riverside County, with its primary office located at 5000 Birch Street, Suite 300, Newport Beach, California.

## GENERAL ALLEGATIONS

12.     The Trustee incorporates each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein.

13.     Plaintiff is informed and believes and based thereon alleges that Debtor filed her schedules and statement of financial affairs on November 13, 2015, including Schedule A which lists the single family residence located at 3264 N. Goldenrod Avenue, Rialto, California 92377 (the "Property"), with a scheduled value of $352,390 and secured debt totaling $188,780.

14.     Plaintiff is informed and believes and based thereon alleges that in her Schedule C, Debtor claimed a homestead exemption that exceeds $155,675 and that Schedule F was completely blank.

15.     Plaintiff is informed and believes and based thereon alleges that at the §341(a) meeting conducted on December 3, 2015, Debtor testified that the Property was

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

1  in escrow and that the first and second deeds of trust on the Property are for $136,000

2  and $55,000, respectively.

3      16.    Plaintiff is informed and believes and based thereon alleges that Plaintiff

4  advised Debtor that she could not sell the Property and Plaintiff continued the 341(a)

5  meeting to January 6, 2016, at 11:00 a.m.

6      17.    Plaintiff is informed and believes and based thereon alleges that prior to the

7  filing of Debtor's bankruptcy, on May 27, 2015, Debtor's spouse, Steven Blackman, filed a

8  voluntary petition under chapter 13, commencing case no. 6:15-bk-15301-WJ (the

9  "Related Case").  Mr. Blackman scheduled the Property with a value of $352,390 and

10  secured debt totaling $186,285.

11      18.    Plaintiff is informed and believes and based thereon alleges that the Related

12  Case was dismissed at the confirmation hearing held on September 30, 2015 and shortly

13  thereafter, on October 30, 2015, Debtor filed her bankruptcy.

14      19.    Plaintiff is informed and believes and based thereon alleges that on

15  November 19, 2015, Pacific Federal Credit Union ("PFCU"), the holder of the second deed

16  of trust on the Property, filed its Motion for Relief from the Automatic Stay as Docket No. 9

17  (the "RFS Motion").

18      20.    Plaintiff is informed and believes and based thereon alleges that according

19  to the RFS Motion, a foreclosure sale was originally scheduled for May 27, 2015 (the date

20  the Related Case was filed) and at the time of filing of the RFS Motion, the foreclosure

21  sale was scheduled for December 17, 2015.

22      21.    Plaintiff is informed and believes and based thereon alleges that without

23  Court approval, on November 24, 2015, the Debtor and Mr. Blackman executed a

24  California Residential Purchase Agreement and Joint Escrow Instruction for the sale of the

25  Property for the sum of $338,500.00.

26      22.    Plaintiff is informed and believes and based thereon alleges that on

27  December 4, 2015, a certified copy of the bankruptcy petition was recorded by the Trustee

28  in San Bernardino County.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

23.    Plaintiff is informed and believes and based thereon alleges that on December 22, 2015, the Court entered the Order and Notice of Dismissal Pursuant to 11 U.S.C. § 521(i)(1) for Failure to File Copies of Payment Advises (Pay Stubs) Required Under § 521(i)(1)(B)(iv) (the "Dismissal Order").

24.    Plaintiff is informed and believes and based thereon alleges that within the Dismissal Order, the Court retained jurisdiction on all issues arising under Bankruptcy Code Sections 110, 329 and 362.

25.    Plaintiff is informed and believes and based thereon alleges that on January 8, 2016, the Plaintiff filed a Motion for Order Vacating the Order Dismissing the Chapter 7 Case (the "Motion"). No opposition was made to the Motion and on February 1, 2016 [Docket No 26] an order vacating the dismissal was entered.

26.    Plaintiff is informed and believes and based thereon alleges that without Court approval or a motion seeking relief from the provisions of 11 U.S.C. Section 362, the Debtor sold the Property (the "Transfer").

27.    Plaintiff is informed and believes and based thereon alleges that from the sale of the Property, Debtor testified that she and her spouse received approximately $160,000.00 in proceeds (the "Sale Proceeds").

28.    Plaintiff is informed and believes and based thereon alleges that Defendant, Reyes is a licensed Realtor and Broker doing business as Royal Realty.

29.    Plaintiff is informed and believes and based thereon alleges that Defendant, Reyes acted on behalf of Debtor as her Realtor and was actively involved in the Transfer.

30.    Plaintiff is informed and believes and based thereon alleges that Defendant, Reyes was provided with notice of the bankruptcy and of the Trustee's appointment by Plaintiff's counsel.

31.    Plaintiff is informed and believes and based thereon alleges that Defendant, TITLE365 was the title company used to insure title for the Transfer of the Property.

32.    Plaintiff is informed and believes and thereon alleges that TITLE365 was the escrow agent for the Transfer of the Property.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

33.    Plaintiff is informed and believes and based thereon alleges that Defendants, Martinez and Rodriguez were the buyers of the Property and currently reside in the Property.

34.    Plaintiff is informed and believes and thereon alleges that Martinez and Rodriquez also utilized the services of a realtor for the Transfer of the Property.

## FIRST CLAIM FOR RELIEF

### [Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. §§ 549(a) & 550]

35.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36.    Plaintiff is informed and believes and based thereon alleges that at all times set forth herein, the Property was property of the Estate.

37.    Plaintiff is informed and believes and based thereon alleges that Defendants sought to transfer the Property after the commencement of the case.

38.    Plaintiff is informed and believes and based thereon alleges that the Transfer was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

39.    By reason of the foregoing, pursuant to Sections 549(a) and 550 of the Bankruptcy Code, the Trustee may avoid and recover the Property or the value thereof for the benefit of the Estate.

## SECOND CLAIM FOR RELIEF

### [Preserve Avoided Transfers Pursuant to 11 U.S.C § 551]

40.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41.    The Trustee preserves any and all avoided transfers, including the Transfer, for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551.

## THIRD CLAIM FOR RELIEF

### [For Turnover of Property of the Estate Pursuant to 11 U.S.C § 542]

42.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43.     The Trustee is informed and believes, and on that basis alleges, that on the Petition Date, Debtor had a legal and/or equitable interest in the Property and that the Property was property of the Estate that Plaintiff has standing to administer for the benefit of Debtor's creditors.

44.     The Trustee is informed and believes, and on that basis alleges, that the Property is presently under the possession and control of Defendants Martinez and Rodriguez.

45.     Pursuant to 11 U.S.C. § 542(a), Plaintiff seeks an order compelling the turnover of the Sale Proceeds, the Property, or its value from Defendants for the benefit of the Estate so that it can be administered for the benefit of the Debtor's creditors.

## FOURTH CLAIM FOR RELIEF

### [Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362]

46.     Plaintiff incorporates each and every allegation contained in paragraphs 1 through 45 as though fully set forth herein.

47.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' actions constitute an act to obtain possession of property of the Estate or of property from the estate or to exercise control over property of the Estate in violation of 11 U.S.C § 362(a)(3).

48.     Based on the foregoing allegations, the Trustee is entitled to recovery of actual damages, including costs and attorney's fees for the willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

## FIFTH CLAIM FOR RELIEF

### [For Declaratory Relief]

49.     The Trustee incorporates each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50.     The Trustee is informed and believes, and on that basis alleges, that the Sales Proceeds are property of the Estate and that Defendants have converted the Sales

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  Proceeds by soliciting and transferring the Property to Martinez and Rodriguez for their

2  own benefit.

3      51.    The Trustee seeks a determination that the Property, its value, and the

4  Sales Proceeds are property of the Estate that are to be administered by the Trustee

5                          **RESERVATION OF RIGHTS**

6      52.    During the course of this proceeding, the Plaintiff may discover (through

7  discovery or otherwise) additional transfers made to Defendants during the relevant post-

8  petition periods.  It is Plaintiff's intention to avoid and recover all transfers made by the

9  Defendants of an interest in Debtor's Property of the Estate and to or for the benefit of

10  Defendants or any other transferee.

11      53.    The Trustee reserves his right to amend this original Complaint, to include,

12  among other things: (i) further information regarding the Transfer; (ii) additional transfers;

13  (iii) modifications of and revisions to Defendants' names; (iv) additional defendants; and

14  (v) additional causes of action, that may become known to the Plaintiff at any time during

15  this adversary proceeding through formal discovery or otherwise, and for the amendments

16  to relate back to this Complaint.

17      54.    The Plaintiff reserves the right to bring all other claims or causes of action

18  that the Plaintiff might have against Defendants, on any and all grounds, as allowed under

19  the law or in equity.

20

21      **WHEREFORE,** Trustee prays that this Court enter a judgment against Defendants

22  as follows:

23                          **On the First Claim for Relief**

24      Avoiding the Transfer and declaring the Transfer annulled and rendered void as a

25  post-petition transfer and for recovery of the value of the Property for the benefit of the

26  Estate.

27                          **On the Second Claim for Relief**

28      For preservation of the Property or its value for the benefit of the Estate.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### On the Third Claim for Relief

For turnover of the Sale Proceeds, Property or its value to the Plaintiff for the benefit of the Estate pursuant to 11 U.S.C. § 542.

### On the Fourth Claim for Relief

For recovery of actual damages, including costs and attorney's fees for the willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

### On the Fifth Claim for Relief

For a judicial determination that the Property and Sales Proceeds are property of the Estate that may only be administered by the Plaintiff for the benefit of the Debtor's creditors.

### On All Claims for Relief

For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  October 26, 2017                      LOBEL WEILAND GOLDEN FRIEDMAN LLP


By:   /s/ Reem J. Bello
      REEM J. BELLO
      Attorneys for Chapter 7 Trustee,
      Howard B. Grobstein, Plaintiff

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1135897.1

COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>HOWARD B. GROBSTEIN, solely in his capacity as<br>Chapter 7 Trustee of the Estate of Alicia Denise Blackman | DEFENDANTS<br>ALICIA DENISE BLACKMAN, an individual; BECKY REYES, an individual;<br>ROYAL REALTY; STEPHANIE A. MARTINEZ, an individual, ACEVEDO<br>FABIAN RODRIQUEZ, an individual, TITLE365, a California corporation |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LOBEL WEILAND GOLDEN FRIEDMAN<br>650 Town Center Drive, Suite 950, Costa Mesa, CA 92626<br>Telephone:  (714) 966-1000 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor          ■ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance of Post Petition Transfers Pursuant to 11 U.S.C. § 549(a) and 550; (2) Preservation of
Avoided Transfers Pursuant to 111 U.S.C. § 551; (3) Turnover of the Property of the Estate Pursuant to 11
U.S.C. § 541; (4) Willful Violation of the Automatic Stay Pursuant to 11 U.S.C.; and (5) Declaratory Relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☒[1] 13-Recovery of money/property - §548 fraudulent transfer<br>☒[2] 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>      (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☒[3] 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>      actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>      **(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>      if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Alicia Denise Blackman | BANKRUPTCY CASE NO.<br>6:15-bk-20667-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Hon. Scott Yun |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>October 26, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Reem J. Bello |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.